THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN REDMOND,<br><br>Petitioner,<br><br>v.<br><br>ROSIE RIVERA,<br><br>Respondent. | **MEMORANDUM DECISION<br>& ORDER TO AMEND<br>DEFICIENT PETITION**<br><br>Case No. 2:21-CV-140-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Petitioner, inmate John Redmond, filed a *pro se* habeas-corpus petition under 28 U.S.C.S. § 2241 on April 5, 2021. *See* Dkt. No. 4. After reviewing the petition, the Court concludes that it must be amended to cure the below deficiencies if Petitioner wishes to further pursue his claims.

### DEFICIENCIES IN PETITION

Specifically, the Petition:

(1)   impermissibly asserts civil-rights claims (e.g., conditions of confinement) which are appropriately brought in separate § 1983 complaint/case.[1]

(2)   does not request the core relief expected of habeas petition: release from custody.

(3)   has claims possibly based on illegality of Petitioner's current confinement; however, the petition apparently was not submitted using legal help Petitioner entitled to by Petitioner's institution under Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996).

---

[1] Indeed, it appears likely that Petitioner is trying to make an end run around the constraints he faces. Now that he has filed in the federal-court system at least three prisoner civil-rights cases that fail to state a claim upon which relief may be granted, *see Redmond v. Ritchie*, No. 1:17-CV-188-LJM-DML (S.D. Ind. Jan. 24, 2017), he knows that he must pay the whole $350 court filing fee up front to initiate a prisoner civil complaint. *See* 28 U.S.C. § 1915(g). Thus, he has filed in this Court a spate of § 2241 petitions--at a cost of $5 per case, and not limited by § 1915(g)--when the types of claims brought are really civil-rights claims.

## INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure, an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition:
**(a)** Any revised petition must stand entirely on its own and not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original).

**(b)** Petitioner must clearly state whom his custodian is and name that person (warden or ultimate supervisor of imprisonment facility) as the respondent. *Cf.* R.2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

**(c)** Federal rules require the petition to:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Cf.* R.2(c), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

**(d)** Petitioner may generally not bring civil-rights claims as to conditions of confinement in a habeas-corpus petition.

**(e)** Any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C. § 2254 (2020); any claims about the execution of Petitioner's imprisonment should be brought under 28 U.S.C. § 2241.

**(f)** Petitioner should get help to prepare initial pleadings from legal resources available where Petitioner is held.

## MOTION FOR APPOINTED COUNSEL

The Court now addresses Petitioner's motion asking the Court to request an attorney to represent him free of charge. *See* Dkt. No. 5.

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *Cf.* Rule 8(c), R. Governing § 2254 Cases in U.S.

Dist. Courts. However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2241 petition. 18 U.S.C. § 3006A(a)(2)(B); *see also Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994).

In deciding whether to do so, the court considers the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, Petitioner bears the burden of "convince[ing] the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

The Court's initial review of the proceedings persuades it that appointment of counsel is not yet warranted for these § 2241 proceedings. First, it is unclear at this early stage of litigation whether Petitioner's claims are meritorious. Second, the nature of factual issues and complexity of legal issues raised here are not so novel or complex as to warrant appointment of counsel. Finally, Petitioner has not shown that he is not able to represent his claims himself.

**O R D E R**

**IT IS HEREBY ORDERED** that:

**(1)** Petitioner shall have **thirty days** to cure the above deficiencies. In response to this Order, the Court will accept one document entitled, "Amended Petition." The Amended Petition shall include all issues, arguments, and citations in one document, with no reference to any other document. The Amended Petition is the only document the Court will review to determine whether to order Respondent to answer. *Cf.* R.4, Rs. Governing § 2254 Cases in the U.S. Dist.

Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

**(2)** The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to directions.

**(3)** If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

**(4)** Petitioner must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the [petitioner] fails to prosecute or to comply with these rules or a court order, a [respondent] may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.").

**(5)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than fourteen days before the deadline to be extended.

**(6)** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

**(7)** Petitioner's motion for appointed counsel is **DENIED**. However, if it later appears that counsel may be needed or of specific help, the Court may appoint an attorney to appear on Petitioner's behalf. No further prompting by Petitioner is needed.

**(8)** Petitioner's motion for waiver of copy fees is **DENIED**. Dkt. No. 7. A blanket fee waiver like the one Petitioner suggests—unsupported by any rationale—is not feasible.

DATED this 20th day of January, 2022.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge